Citation Nr: 1508809 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 97-13 632A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for degenerative joint disease of the cervical spine, to include as secondary to a service-connected low back disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Riley, Counsel 





INTRODUCTION

The Veteran served on active duty from July 1968 to July 1970. He later served on active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) in the Puerto Rico National Guard and Florida Army National Guard from January 1979 to November 1992. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 1997 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.

The Board remanded the appeal in December 2004, February 2009, and January 2013. In a January 2014 decision, the Board awarded service connection for cervical myofascial pain syndrome, but denied service connection for cervical spine degenerative joint disease. The Veteran appealed this denial to the Court of Appeals for Veterans Claims (Court). In October 2014, the Court granted a Joint Motion for Partial Vacatur and Remand filed by the parties, which requested that the portion of the January 2014 Board decision that denied service connection for cervical degenerative joint disease be vacated and remanded. The appeal has now returned to the Board.

In its January 2014 decision, the Board referred the issue of entitlement to special monthly compensation (SMC) for loss of use of the right lower extremity to the agency of original jurisdiction (AOJ) for development and consideration. The record does not indicate that any action has been taken on this claim. Additionally, the AOJ inferred a claim in January 2014 for entitlement to service connection for radiculopathy of the upper extremities secondary to the service-connected cervical spine disability. The Veteran also appears to have raised a claim for entitlement to an increased rating for a low back disability in a January 2015 statement. The same January 2015 statement also implies that the Veteran is seeking service connection for disabilities of the shoulders, hips, knee, and feet. None of these claims have been adjudicated by the AOJ and the Board does not have jurisdiction over them. They are therefore referred to the AOJ for appropriate action, to include clarification regarding the possible claims raised by the January 2015 statement. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In January 2015, the Veteran submitted additional evidence in support of his claim for entitlement to service connection for cervical degenerative joint disease. The new evidence was accompanied by a statement from the Veteran specifically requesting initial review of the evidence by the AOJ. The Veteran has a right to have the evidence considered by the AOJ. 38 C.F.R. § 20.1304(c). Thus, the claim must be remanded to allow for readjudication by the AOJ before the Board issues its decision.

Accordingly, the case is REMANDED for the following action:

Readjudicate the claim on appeal with consideration of all evidence of record, including the evidence submitted by the Veteran in January 2015. The Board notes that some of the new documents submitted by the Veteran are in Spanish and will require translating. If the benefits sought are not fully granted, provide the Veteran and his representative a SSOC before returning the case to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).